# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIANA VALENZUELA,<br>*as the Administratrix of the Estate of*<br>*Joseph Santos, deceased and*<br>*as the Personal Representative of his wrongful*<br>*death beneficiaries* | : <br> : <br> : <br> : <br> :    **CIVIL ACTION** <br> : <br> : <br> :    **No.   5:20-cv-03638** |

JULIANA VALENZUELA,
*as the Administratrix of the Estate of*
*Joseph Santos, deceased and*
*as the Personal Representative of his wrongful*
*death beneficiaries*       :    **CIVIL ACTION**

         **Plaintiff,**       :    **No.   5:20-cv-03638**

   **vs.**       :

**OFFICER JONATHAN R. ROSELLE,**
*individually and in his official capacity as a*
*member of the South Whitehall Township*
*Police Department*       :

     **and**       :    **Jury Trial Demanded**

**SOUTH WHITEHALL TOWNSHIP,**       :    **Hon. John M. Gallagher**

       **Defendants.**       :

## REDACTED ORDER

AND NOW, this_____day of _____, 2021, upon consideration of Plaintiff's Amended Petition For Leave To Compromise And Settle A Section 1983 Action Which Includes, *Inter Alia*, Claims For Wrongful Death And Survival And In Which A Minor Has An Interest, and after careful consideration thereof;

IT IS HEREBY ORDERED AND DECREED THAT said Petition is **GRANTED**. And, accordingly, the Court approves the following compromise and settlement, distribution, and award of counsel fees and costs:

1. Settlement of the within action is approved in the amount of

2.

                                       . of said sum shall be payable to Jeffrey Simms, P.C., in trust, for the Estate of Joseph Santos and the Decedent's beneficiaries, for allocation and distribution through the Surrogate's Court in Bergen County, New Jersey, pursuant to the Award of Arbitrators.

3.  be distributed to Karoly Law Firm, LLC, as a legal fee pursuant to the Contract for Legal Services.

4.  ` shall be made payable to Karoly Law Firm, LLC, for reimbursement of costs and expenses.

5.  This Order and the underlying Amended Petition For Leave To Compromise And Settle A Section 1983 Action Which Includes, *Inter Alia*, Claims For Wrongful Death And Survival And In Which A Minor Has An Interest, shall be filed as redacted and the docket shall reflect only the following:

<u>ORDER</u>

AND NOW, this _____ day of _____, 2021, upon consideration of Plaintiff's Amended Petition For Leave To Compromise And Settle A Section 1983 Action Which Includes, *Inter Alia,* Claims For Wrongful Death And Survival And In Which A Minor Has An Interest, and after careful consideration thereof, as well as this Court's review of the Award of Arbitrators entered in this matter pursuant to the New Jersey Alternative Dispute Resolution Act (<u>N.J.S.A.</u>, 2A:23A-1, et seq.) and the Uniform Arbitration Act (<u>N.J.S.A.</u>, 2B-23-1, et seq.),

IT IS HEREBY ORDERED AND DECREED THAT said Petition is GRANTED, and distribution shall be made in accordance with the aforesaid Award of Arbitrators.

BY THE COURT:

_____
JOHN M. GALLAGHER
United States District Judge

6. The redactions to this Order and the underlying Amended Petition have been done in accordance with prevailing law (See, e.g. In re Avandia Marketing Sales Practices and Products Liability Litigation, 924 F. 3d 662 (3d Cir. 2019), and DePari v. Runyon, 2019 WL 3387662 at *2 (M.D. Pa. 2019), and shall be substituted on the docket for the Previously filed (under seal) proposed Order and Petition for Leave to Compromise and Settle a § 1983 Action Which Includes, *Inter Alia*, Claims for Wrongful Death and Survival and in Which a Minor has an Interest.

7. Counsel for Plaintiff shall serve an unredacted copy of this Order to opposing counsel of record, as well as counsel in the subject New Jersey Surrogate Court's matter.

BY THE COURT:

_____
JOHN M. GALLAGHER
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JULIANA VALENZUELA,     '      '    :
*as the Administratrix of the Estate of*    :
*Joseph Santos, deceased and*    :
*as the Personal Representative of his wrongful*    :
*death beneficiaries*    :    **CIVIL ACTION**
   :
          **Plaintiff,**    :
   :    **No.    5:20-cv-03638**
    **vs.**    :
   :
**OFFICER JONATHAN R. ROSELLE,**    :
*individually and in his official capacity as a*    :
*member of the South Whitehall Township*    :
*Police Department*    :
   :    **Jury Trial Demanded**
        **and**    :
   :
**SOUTH WHITEHALL TOWNSHIP,**    :    **Hon. John M. Gallagher**
   :
       **Defendants.**    :

## REDACTED AMENDED PETITION FOR LEAVE TO COMPROMISE AND SETTLE A §1983 ACTION WHICH INCLUDES, *INTER ALIA*, CLAIMS FOR WRONGFUL DEATH AND SURVIVAL AND IN WHICH A MINOR HAS AN INTEREST

      COMES NOW, Juliana Valenzuela, as Administratrix of the Estate of Joseph Santos, deceased, and as the Personal Representative of his wrongful death beneficiaries, by and through her legal counsel, Joshua E. Karoly, Esquire and with him, Karoly Law Firm, LLC, and moves this Honorable Court for Leave To Compromise And Settle A §1983 Action Which Includes, *Inter Alia*, Claims For Wrongful Death And Survival And In Which A Minor Has An Interest, and in support thereof, states the following:

1.    The within cause of action was filed on July 27, 2020, and includes Six (6) Counts requesting relief for the following claims: 42 U.S.C. §1983 – Excessive Use Of Force; Unconstitutional Deprivation of Medical Care; Municipal Liability; and State Claims – Assault and Battery; Wrongful Death; and Survival Action.

2. The action arises from the July 28, 2018 shooting death of Joseph Santos at the hands of then South Whitehall Township Police Officer, Defendant Jonathan Roselle. A copy of Decedent's "Certification of Death" is marked Exhibit "A" and is attached hereto and is made a part hereof as if set forth et extenso.

3. Decedent, Joseph Santos, was 44 years old at the time of his death, and in fine health.

4. Decedent is survived by his three (3) children: Kenneth Rodriguez, age 25; Joseph Rome Santos, age 21; and his minor daughter J.D.S., age 11.

5. Your Petitioner is Juliana Valenzuela, the Administratrix of the Estate of Joseph Santos, and the Personal Representative of his wrongful death beneficiaries.

6. Petitioner was granted Letters of Administration *Ad Prosequendum* on January 24, 2019, by Michael R. Dressler, Surrogate of Bergen County and State of New Jersey.

7. On July 27, 2020, Petitioner was also issued ancillary Letters of Administration by the Register of Wills of Lehigh County. These Letters authorize Petitioner to act as Administratrix of the Estate and Personal Representative of the wrongful death beneficiaries for the instant action. A copy of said appointments are marked Exhibits "B" and "C", respectively, and are attached hereto and are made a part hereof as if set forth et extenso.

8. The facts which form the legal basis for this settlement and compromise have been described in detail in the Complaint, as well as other documents of record, are also well known to this Honorable Court, and accordingly will not be repeated here.

9. The injuries suffered and which will continue to be suffered by the surviving orphans listed herein are fully set forth in the Complaint filed in this action and are properly enumerated in, *inter alia*, Pennsylvania's Wrongful Death Statute, 42 Pa. C.S.A. §8301 and Pennsylvania's Survival Statue, 42 Pa. C.S.A.§ 8302.

10. These statues are designed to compensate two different categories of claimants: first, the members of the family for their loss (Wrongful Death), and second, the decedent through the legal "person" of his estate (Survival Action). <u>Tulewicz v. SEPTA,</u> 606 A.2d 427, 431 (Pa. 1992).

11. Plaintiff's Decedent, a 44 year old father of three (3), died tragically when he was shot by a South Whitehall Township Police Officer five (5) times in the head and torso, causing Decedent's near instantaneous demise from the bullet path injuries.

12. Because the manner and cause of Decedent's death involved only momentary pain and suffering and no loss of earning power between the moment of the shooting and the time of his death, Plaintiff's Decedent suffered little, or no Survival Act damages (excluding loss of earnings less maintenance which overlaps with the Wrongful Death Statute damages of the value of life-time familial contributions).

13. On the other hand, the economic (services, contributions and other pecuniary losses over the Decedent's life expectancy) and the great emotional loss (loss of comfort, society, tutelage and companionship) which the Decedent's three (3) orphaned children, including an 11 year old, have experienced, and will continue to experience, make for a substantial Wrongful Death Statute claim.

14. Following the death of the Decedent, trial counsel, Joshua E. Karoly, Esquire and Karoly Law Firm, LLC, were retained by Petitioner

    copy of which has been marked Exhibit "D" and is incorporated herein as if set forth et <u>extenso.</u>

15. After being retained as legal counsel, Karoly, and Karoly Law Firm, have worked tirelessly for well over two (2) years to resolve this matter, undertaking all trial related representation including personally appearing for the criminal trial of Defendant Roselle. Karoly Law Firm

has also advanced or will expend all costs and expenses associated with the prosecution of this case including, but not limited to, expenses for: retaining experts and for expert reports; outside counsel costs; discovery costs; subpoena costs; electronic research; copying costs; mailing and faxing costs; telephone expenses; travel; exhibit preparation; etc.

16. The aforementioned out-of-pocket expenses expended by counsel or to be expended by Counsel, are ˙ A breakdown of those costs appear on the attached Settlement / Verdict Distribution Sheet, a copy of which has been marked Exhibit "E" and is incorporated herein as if set forth et _extenso_.

17. On August 6, 2021, after a full day Mediation with the Honorable Thomas J. Rueter (Ret.) of JAMS, a settlement agreement was reached between all parties (which required, and received, the subsequent approval of South Whitehall Township).

18. To settle Plaintiff's / Petitioner's claims, Defendants have agreed to pay Plaintiff/Petitioner and her counsel the total lump sum of
, pursuant to the Release and Settlement Agreement, a copy of which has been marked Exhibit "F" and is incorporated herein as if set forth et _extenso_.

19. Pursuant to the Fee Agreement, the allocation of those funds will be as follows:

   a. ˙ ˜ the Estate of Joseph Santos, in trust, to be held by Jeffrey Simms, P.C.;

   b. to Karoly Law Firm, LLC (agreed attorney's fee, a portion of which will be paid as a referral fee to referring counsel); and

   c. Karoly Law Firm, LLC (for the return of advanced expenses, police practices expert, damages expert, counsel costs for the Estate matters, Mediation expenses, electronic research, copying, travel, filing fee, mailing, subpoenas, etc.) See, Exhibit "E".

4

20. Your Petitioner, as Administratrix of the Estate of the Decedent, by her signature appearing on the Settlement / Verdict and Distribution sheet has agreed to be bound by the distribution of Attorney's Fees and costs as appearing above.

21. Jeffrey Simms, Esquire of Jeffrey Simms P.C. is counsel in New Jersey Superior Court in Bergen County for Petitioner, as well as the Decedent's two (2) adult children, Kenneth Rodriguez and Joseph Rome Santos. Yafresie Feliz, Esquire of Fusco & Macaluso, P.C. is counsel in Bergen County, New Jersey for Decedent's minor daughter, J.D.S.

22. The ⎜ payable to the Estate and Decedent's beneficiaries must be allocated between the wrongful death and survival beneficiaries, as well as the amounts payable to the beneficiaries themselves.

23. Attorneys Simms and Feliz, along with Petitioner, agreed to a binding three (3) person panel Mediation to resolve allocation between Wrongful Death and Survival, as well as allocation between the beneficiaries.

24. It was the decision of the arbitrators that the net proceeds of the settlement of this matter shall be allocated as follows: J.D.S. (the minor child) shall be awarded fifty-five percent (55%) of the net proceeds; Kenneth Santos and Joseph Rome Santos shall each receive twenty-two and one half percent (22.5%). See Award of Arbitrators, attached hereto and made a part hereof as Exhibit "G".

25. The ultimate financial breakdown is as follows: J.D.S. is awarded ⎜               Kenneth Santos is awarded               Joseph Rome Santos is awarded               together with the judgment lien amounts totaling               , which addition, will bring his total compensation to               See Exhibit "G".

26. The Award of Arbitrators details how the breakdown was arrived at, and any additional payments to be made from the Estate proceeds.

27. The decision is being submitted for approval by the Surrogate's Court in Bergen County's Superior Court.

28. Accordingly, an agreement has been reached to provide the .                    to Jeffrey Simms, P.C., in trust, to hold until an allocation has been approved by New Jersey, and any other matters that need to be resolved.

29. Jeffrey Simms, P.C. will be holding the funds, in trust, due to his representation of Petitioner as Administratrix *Ad Prosequenden* in Surrogate Court in Bergen County, New Jersey.

30. To the best of the knowledge of your Petitioner, any outstanding or unpaid claims against the Decedent's Estate can be satisfied from the proceeds which are to be paid to the Estate / beneficiaries for Administration and distribution in New Jersey.

31. All valid outstanding debts of the Decedent's Estate, including any unpaid creditors of the Decedent, will be paid from the proceeds of the Estate which administration is being handled by Jeffrey Simms, P.C., and Attorney Simms.

32. Decedent was never married and the children identified hereinbefore are the only issue of Decedent.

33. The Decedent owed child support arrearages at the time of the Decedent's death, and those amounts shall be paid out of the proceeds due the Estate and handled by Jeffrey Simms, Esquire, as detailed in the Award of Arbitrators.

34. The Decedent died without a Last Will and Testament.

35. Petitioner avers that none of the heirs of the Decedent have been adjudged incapacitated and that the only incapacity suffered by the Decedent's minor child is her minority.

36. The subject grant of Ancillary Letters of Administration to Petitioner were duly advertised as required by 20 Pa. C.S.A. §3162 on September 3, 2021, in the Lehigh County Law Journal, and September 10, 2021, in the Morning Call, and the subsequent two (2) weeks thereafter. R. Nicholas Nanovic, Esquire of Gross McGinley, LLP has been retained to assist in all Estate requirements in Pennsylvania.

37. The Decedent resided in New Jersey, all of his children reside in New Jersey and the Petitioner resides in New Jersey.

38. Petitioner requests that portions of this Petition and any accompanying Order approving same, be redacted. The Defendants have no objection to this request.

39. Petitioner and all remaining Defendants in this action have agreed to and have executed a General Release and Settlement Agreement. Said document has been marked Exhibit "F", and is attached hereto, incorporated herein as if set forth et extenso.

40. Petitioner believes that this settlement, compromise, allocation and distribution is in the best interests of justice, the Estate of the Decedent, and the statutory heirs of the Decedent, including his minor child, and respectfully requests that this Petition be granted in its entirety and the Court approve the Settlement and requested distribution.

WHEREFORE, Petitioner respectfully prays that this Honorable Court enter the attached Order approving the settlement, compromise and proposed allocation of the proceeds and directing the distribution as stated.

Dated: December 7, 2021        By:

Respectfully Submitted,

Joshua E. Karoly, Esquire
527 Hamilton Street
Allentown, PA 18101
(610) 437-1252
(610) 437-3738 (facsimile)
Pa. I.D. No. 206076
Attorney for Plaintiff / Petitioner

Exhibit "A"

# LOCAL REGISTRAR'S CERTIFICATION OF DEATH
## WARNING: It is illegal to duplicate this copy by photostat or photograph.

ee for this certificate, $6.00



This is to certify that the information here given
correctly copied from an original Certificate of Deat
duly filed with me as Local Registrar. The origina
certificate will be forwarded to the State Vit
Records Office for permanent filing.

**P 25462818**

Certification Number

Local Registrar

Date Issued 08 / 13 / 18

COMMONWEALTH OF PENNSYLVANIA • DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

State File Number **343571-2018**

Male — July 28, 2018

44 — May 25, 1974 — Wayne, New Jersey

Residence: New Jersey — 54 Hoehn Street

Bergen — Yes — Hasbrouck Heights

Married

Luis Antonio Santos — Ira Della Marrero

Kenneth Santos — Son — 1075 Main Street Paterson, NJ 07503

Lehigh Valley Hospital - Cedar Crest — Allentown, Pennsylvania 18103 — Lehigh

August 07, 2018 — Charles Evans Cemetery Company

Reading, Pennsylvania — Mark J Hummel (Electronically Signed) — FD013847L

Mark J Hummel Funeral Home
624 Centre Avenue Reading, Pennsylvania 19605

Laborer — Construction

July 28, 2018 — 06:06 PM

## CAUSE OF DEATH

a. Multiple Gunshot Wounds — unknown

July 28, 2018 — 05:44 PM

Roadway- in front of — 3712 Hamilton Boulevard Allentown, PA 18103

Shot

Scott Grim — ME/Coroner

4350 Broadway Allentown, Pennsylvania 18104 — July 31, 2018

06-081 — August 03, 2018

Disposition Permit No. **698510**

Exhibit "B"

# State of New Jersey
# Bergen County Surrogate's Court

In the matter of the Estate of:

**Joseph Santos, Deceased**

} **LETTERS ADMINISTRATION**
**AD PROSEQUENDUM**

I, **Michael R. Dressler**, Surrogate of Bergen County and State of New Jersey, do hereby **certify** that on January 24, 2019, Administration Ad Prosequendum of decedent, who died intestate, late of the County of Bergen and State of New Jersey was granted by me to **Juliana Valenzuela** of said County of Bergen who is (are) duly authorized to bring an action, institute a proceeding or make a claim in his/her (their) name as such Administrator/rix(s) Ad Prosequendum as in the statute such case provided; but this grant of letters shall be limited, however, to the recovery of judgment or settlement of any such action, proceeding or claim, but no payment in settlement thereof, or satisfaction of any judgment obtained, in any such action or proceeding brought or instituted, or any part thereof, shall be made to the administrator, but such payment shall be made in such settlement or satisfaction, only to a general administrator, and according to the statute.

**DO NOT ACCEPT WITHOUT RAISED SEAL**



**WITNESS my hand and seal of office this:**
**January 24, 2019**

**Michael R. Dressler, Surrogate**

Exhibit "C"

IN THE OFFICE OF THE CLERK OF JUDICIAL RECORDS
OF LEHIGH COUNTY, PENNSYLVANIA
REGISTER OF WILLS DIVISION

In re: Estate of
     Joseph Santos,
        Deceased

File No. 2020-0988

**DECREE**
**(Ancillary Letters of Administration)**

NOW, this 27th day of July, 2020 upon consideration of the Petition

for Issuance of Ancillary Letters of Administration which avers that the

above-captioned non-resident decedent was a party to a Wrongful Death

action filed in Pennsylvania, together with a duly authenticated copy of

the record, of the above-captioned non-resident decedent, that occurred

in Bergen County, New Jersey.

IT IS ORDERED, pursuant to 20 Pa.C.S.A. §3136, that Ancillary

Letters of Administration are hereby issued to Juliana Valenzuela.

                         ANDREA E. NAUGLE
                         CLERK OF JUDICIAL RECORDS

                         BY _____
                         *Deputy, Register of Wills Division*

Exhibit "D"

REDACTED

Exhibit "E"

REDACTED

Exhibit "F"

REDACTED

Exhibit "G"

REDACTED

JULIANA VALENZUELA,             :
*as the Administratrix of the Estate of*    :
*Joseph Santos, deceased and*         :
*as the Personal Representative of his wrongful*   :
*death beneficiaries*                :    **CIVIL ACTION**
                             :
            **Plaintiff,**      :
                             :    **No.    5:20-cv-03638**
     **vs.**                      :
                             :
**OFFICER JONATHAN R. ROSELLE,**    :
*individually and in his official capacity as a*   :
*member of the South Whitehall Township*    :
*Police Department*                :
                             :    **Jury Trial Demanded**
     **and**                    :
                             :
**SOUTH WHITEHALL TOWNSHIP,**    :    **Hon. John M. Gallagher**
                             :
        **Defendants.**      :

## CERTIFICATE OF SERVICE

     I, Joshua E. Karoly, Esquire, do hereby certify that I did serve a true and correct copy of

the foregoing *Amended and Redacted Petition For Leave To Compromise And Settle A §1983*

*Action Which Includes, Inter Alia, Claims For Wrongful Death And Survival And In Which A*

*Minor Has An Interest* on the following individuals via the manner and at the addresses indicated

below:

**Via Hand Delivery & ECF**
Judge's Chambers Of The Honorable John M. Gallagher
U.S. District Court, Eastern District of Pennsylvania
504 W. Hamilton Street
Allentown, PA 18101

**Via E-Mail & ECF**
Joseph J. Santarone, Esquire
2000 Market Street, 23rd Floor

**Via E-Mail & US Mail**
Paul G. Lees, Esquire
4905 West Tilghman Street, Suite 300

Philadelphia, PA  19103
*jjsantarone@mdwcg.com*

Allentown, PA 18104
*pglees@mdwcg.com*

**Via E-Mail & US Mail**
Jeffrey Simms, Esquire
293 Passaic Street
Passaic, NJ  07055
lawofficejeffsimms@verizon.net

**Via E-Mail & US Mail**
Yafresie Feliz, Esquire
150 Passaic Avenue, PO Box 838
Passaic, NJ  07055
yfeliz@fmnj-law.com

Dated: December 7, 2021

Respectfully Submitted,
KAROLY LAW FIRM, LLC

By: _____

Joshua E. Karoly, Esquire
527 Hamilton Street
Allentown, PA 18101
(610) 437-1252
(610) 437-3738 (facsimile)
Pa. I.D. No. 206076
Attorney for Plaintiff / Petitioner