## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JULIANA VALENZUELA, | : | |
| As the Administratrix of the Estate of | : | |
| Joseph Santos, deceased and as the Personal | : | |
| Representative of his wrongful death beneficiaries, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:20-cv-03638-JMG |
| | : | |
| OFFICER JONATHAN R. ROSELLE, | : | |
| Individually and in his official capacity as a | : | |
| member of the South Whitehall Township Police | : | |
| Department, *et al.,* | : | |
| Defendants. | : | |

## ORDER

**AND NOW,** this 18th day of February, 2022, upon consideration of the Petition for

Approval of Wrongful Death and Survival Action (ECF No. 25) and Plaintiff's Supplemental

Fee Memorandum, it is **HEREBY ORDERED** that the Petition is **GRANTED**.[1] It is further

**ORDERED** and **DECREED** that the proceeds of this settlement shall be distributed as follows:

---

[1]      Plaintiff filed this unopposed Petition to approve a wrongful death and survival settlement. According to Pennsylvania law, court approval is required of any settlement involving claims brought on behalf of or against an estate. *See Romano v. United States*, 2020 WL 7364453, at *2 (E.D. Pa. Dec. 15, 2020) (citing 20 Pa. C.S.A. § 3323(a)). Additionally, "[n]o claim . . . of a decedent's estate in which a minor . . . has an interest shall be compromised, settled, or dismissed unless approved by the court." E.D. PA. LOCAL CIV. R. 41.2(a).

The Court first considers the adequacy of the gross settlement amount. "In performing this inquiry, the court must exercise independent judgment on the whole case and decide whether the proposed settlement is fair and reasonable under the circumstances." *Romano*, 2020 WL 7364453, at *2 (internal quotation marks and citation omitted). The parties have agreed to settle this case for $950,000. The Court is satisfied that this amount is reasonable. "When determining the fair value of the lawsuit, the Court typically gives considerable weight to the judgment of counsel and the parties." *Leto v. Illum*, 2021 WL 2186238, at *3 (E.D. Pa. May 28, 2021) (internal quotation marks and citation omitted). The parties negotiated this settlement at arms-length and in good faith. *See Tamasy v. Yough Sch. Dist.*, 2019 WL 5864893, at *2 (W.D. Pa. Nov. 8, 2019) ("The Court gives due regard to the advice of the experienced counsel in this case who . . . have negotiated this settlement at arms-length and in good faith." (internal quotation marks and citation omitted)). Counsel also engaged the services of an experienced mediator. Moreover, there are no "medical bills and liens regarding the care of the deceased that will need to be handled by the settlement." *Romano*, 2020 WL 7364453, at *3 (internal quotation marks and citation omitted). Under

these circumstances, "[w]e have no difficulty in approving the amount of the settlement." *In re Hughes' Estate*, 59 Pa. D. & C. 2d 680, 682 (Pa. Ct. Comm. Pl. 1972).

The Court next considers the apportionment of settlement funds. Plaintiff asks the Court to allocate 55% of the settlement proceeds to Decedent's minor child and 22.5% to each of his two adult children. As noted by the mediator in the matter, "the equities predominate in favor of a larger award to [the minor child]." Amended Petition for Leave to Settle Wrongful Death and Survival Claims ("Petition") Exh. G at 9 (ECF No. 25).

The Court finally considers the apportionment of attorney's fees. Where, as here, fees "affect the minor's ultimate award, the Court has an affirmative duty to be more than a passive, *pro forma* rubber stamp." *Leto*, 2021 WL 2186238, at *3 (internal quotation marks and citation omitted). "Simply because the minor's parents have agreed to a contingent fee agreement does not mean that court approval is warranted." *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 670 (E.D. Pa. 2000) (citation omitted). Rather, we "must independently investigate the fee to be charged to ensure that it is fair and reasonable." *Id.*

 "Under Pennsylvania law, the reasonableness of counsel fees to be paid under a settlement involving a minor is determined by applying a two-step process." *Id.* First, we must "consider whether the Court of Common Pleas in the county with jurisdiction over the minor has adopted a presumptive lodestar for fees involving the settlement of a minor's claim." *Id.* Second, we must consider the following factors:

> [T]he amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was 'created' by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money in question.

*Gilmore v. Dondero*, 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990) (citation omitted).

Although counsel offered no presumptive lodestar for the Court of Common Pleas of Lehigh County, the Court notes the neighboring county of Berks and nearby counties of Bucks and Chester use presumptive lodestar fees of 25% of the gross funds recovered in cases that settle before trial. *See, e.g.*, *Nice,* 98 F. Supp. 2d at 670-671 ("Bucks County has adopted a presumptive loadstar of 25% of the gross revenue attributable to the minor"); Bucks Cty. Civil Division Rule 2039(a)(1)(d) ("a petition for a minor's settlement shall include substantial justification for any counsel fee . . . in excess of 25% of the gross recovery attributed to the minor"); *Kane v. County of Chester,* 2016 U.S. Dist. LEXIS 97148, at *8 (E.D. Pa. July 25, 2016) (noting that Chester County has a presumptive loadstar of 25%); Berks County Court Policy Memorandum No. 15, 1989 ("The policy on counsel fees . . . is that on approval of a settlement without going to trial the fee limit is 25%.") Consistent with the presumptive lodestar of these neighboring counties, the Court finds that a 25% fee award for cases that settle before trial is also an appropriate benchmark here.

Plaintiff's counsel originally identified a 40% contingency fee. Petition at ¶ 19. On its face, a petition seeking a 40% attorney allocation gives the Court great pause. However, Plaintiff's counsel has represented in their Supplemental Fee Memorandum they would actually receive a 28% fee award as counsel in New Jersey are to receive a fee representing 12% of the award for services rendered in related proceedings in that jurisdiction. Supplemental Fee Memorandum ("SFM") at 18.

Upon consideration of the *Gilmore* factors, Plaintiff's Supplemental Fee Memorandum, and the prior approval of this settlement by the New Jersey Superior Court, the Court finds an upward adjustment from a 25% presumptive lodestar to 28% is appropriate here. SFM at 21. The Court "may adjust that lodestar depending on the effectiveness of the counsel's performance under the circumstances." *Lee*, *v. Victoria's Secret, LLC*, 2012 WL 628015, at *4 (E.D. Pa. Feb. 27, 2012) (An upward adjustment from this limit is appropriate "if there has been extensive investigation and discovery and legal preparation.") *Id.*; *see also Leto*, 2021 WL 2186238, at *4 (granting upward adjustment from presumptive lodestar of 25% given the "nature and extent of services rendered" and the complexity of the case); *Kane,*

| | | | |
|---|---|---|---|
| **GROSS AMOUNT OF SETTLEMENT** | | | **$950,000.00** |
| | A. | Counsel fees | $380,000.00 |
| | B. | Counsel Expenses | $28,618.55 |
| | C. | Net proceeds to the Estate of Joseph Santos | $541,381.45 |

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

2016 U.S. Dist. LEXIS 97148 at *18 (granting upward departure from the 25% lodestar but declining to award the full 40% allocation requested by plaintiff's counsel.)

Plaintiff's counsel have been engaged in this matter for 32 months and counting. Their extensive legal services included filing and defending the charging document, monitoring the related criminal proceedings, preparing the case for litigation, coordinating with the guardians and attorneys managing the legal affairs of the minor child survivor in New Jersey, and ultimately negotiating a favorable settlement in a difficult and complex case. *See Gilmore,* 582 A.2d at 1109.

Taken as a whole, "the nature and extent of services rendered is enough to show the substantial effort involved in resolving this litigation given the uncertain outcome of the claims." *Leto*, 2021 WL 2186238, at *4. As a result, Plaintiff's fee award will be approved.